**Emory v. Emory**

*Murray B. Frazee, Jr.,* for plaintiff.

MacPHAIL, P. J., July 28, 1969.—In this action, plaintiff seeks a divorce on the grounds of desertion. The master has filed a report recommending the divorce. There are several problems.

In the complaint and in all subsequent proceedings, defendant's name has been given as Patsy *Jane* (Tresh) Emory. The sheriff's return attached to the complaint indicates that the complaint was served personally upon Patsy *Jane* Emory. Notice of the master's hearing was sent to defendant by certified mail return receipt requested with instructions to deliver to addressee only. The return receipt was signed by Patsy *Jean* Emory. Plaintiff identified this as his wife's signature. A somewhat analogous problem was presented to us recently in Swope v. Swope, 47 D. & C. 2d 40, wherein we held that a decree could not be entered until we were satisfied that defendant's correct name appeared in the pleadings. For the reasons set forth in that opinion, we cannot enter a decree here.

Local Rule of Court 130 requires that in actions in divorce where desertion is alleged as the grounds, the master shall inquire and report whether there has been a proceeding for nonsupport and, if there has, additional information must be supplied in the mas-

ter's report. This requirement has not been met in this case.

Finally, the evidence in this case consisted entirely of the uncorroborated, and uncontradicted, testimony of plaintiff. While a divorce action may be sustained by the testimony of plaintiff alone, he must establish the charge of willful and malicious desertion by clear evidence. Here, plaintiff said his wife left the marital home because "she didn't want to live there anymore." We have no other background information whatsoever. Plaintiff says he did not consent to his wife's leaving and that he didn't want her to go, but he made no effort to find out where she went or whether she would come back or what the problem was which caused her to leave, in spite of the fact that the wife took their two children with her. In fact, he says he has not seen or heard from, or communicated with his children or his wife since February 10, 1964. It is difficult to understand why a father would make no effort to see or contact his children, who were at the time of separation aged 7 and 4, unless there was some good reason for this. Plaintiff has offered no explanation. While such matters may not determine the merits of this divorce action, they do raise serious questions as to the credibility of plaintiff and his capacity as an innocent and injured spouse.

Since the case must be referred back to the master to cure the defects mentioned in the beginning of this opinion, we will also give plaintiff the opportunity to present additional testimony, if any he has, on the merits of the case.

## ORDER OF COURT

And now, July 28, 1969, the within matter is referred back to the master for further proceedings consistent with the foregoing opinion of court.